IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARBLE VOIP PARTNERS LLC,

    Plaintiff,

    v.

ZOOM VIDEO COMMUNICATIONS, INC.,

    Defendant.

Case No. 22-CV-2247-JAR-ADM

## MEMORANDUM AND ORDER

On May 10, 2023, Defendant Zoom Video Communications, Inc. ("Zoom") filed a Motion to Transfer Venue of this patent infringement case to the Northern District of California.[1] This matter is before the Court on Plaintiff Marble VOIP Partners LLC's ("Marble") Motion for Leave to Conduct Limited Venue Discovery and Motion for Enlargement of Time to Respond to Defendant's Motion to Transfer Venue (Doc. 50). Zoom does not object to Marble's request for additional time to respond, but does object to Marble's request for discovery, and seeks a stay of proceedings should the Court grant leave to conduct venue-specific discovery. The matter is fully briefed, and the Court is prepared to rule. For the reasons explained below, the Court denies Marble's motion; Zoom's request for a stay is denied as moot.

**I.    Background**

Marble filed this computer software patent infringement suit against Zoom in June 2022. After this Court denied Zoom's motion to dismiss on ineligibility grounds,[2] Zoom moved to transfer this action to the Northern District of California—where it is headquartered in San Jose,

---

[1] Doc. 49.

[2] Doc. 41.

California—on convenience grounds under 28 U.S.C. § 1404(a).  Zoom argues that the District of Kansas is an inconvenient forum because neither Marble nor the facts giving rise to its patent claims have any connection to the State of Kansas and because Zoom's material witnesses and relevant documents are located in California or China.  In support of its motion, Zoom attaches various materials and the declaration of Dennis Durling, a technical lead at Zoom.[3]

Magistrate Judge Angel D. Mitchell entered an Initial and Claim Construction Phase Scheduling Order on June 5, 2023, and discovery is open and ongoing.[4]

## II. Legal Standards

The purpose of § 1404(a) "is to permit easy change of venue within a unified federal judicial system."[5]  The statute provides that, "[f]or the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[6]  "The district court has broad discretion under § 1404(a) to adjudicate motions to transfer based on a case-by-case review of convenience and fairness."[7]  The Tenth Circuit instructs district courts to consider the following discretionary factors when determining whether to transfer a case:

> [P]laintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws;

---

[3] Docs. 49-1–49-12.

[4] Doc. 59.

[5] *Hill's Pet Prods. v. A.S.U., Inc.*, 808 F. Supp. 774, 776 (D. Kan. 1992) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)).

[6] 28 U.S.C. § 1404(a).

[7] *Key Constr., Inc. v. W. Surety Co.*, No. 22-1247-DDC, 2023 WL 2187291, at *4 (D. Kan. Feb. 23, 2023) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

>the advantage of having a local court determine questions of local
>law; and all other considerations of a practical nature that make a
>trial easy, expeditious and economical.[8]

Although this is a patent case, Tenth Circuit law applies to procedural issues that are not unique to patent law.[9] The parties do not cite, nor did the Court locate, a Tenth Circuit case setting forth the standard for evaluating a plaintiff's request for venue-specific discovery. In the lack of such guidance, the Court applies the Tenth Circuit's jurisdictional-discovery standard.[10]

Discovery is broad in scope and freely permitted under the Federal Rules of Civil Procedure.[11] In the Tenth Circuit, "the burden of demonstrating a legal entitlement to jurisdictional discovery—and the related prejudice flowing from the discovery's denial—[is] on the party seeking the discovery."[12] "Jurisdictional discovery is not appropriate where there is only a 'low probability' that additional discovery would lead to facts sufficient to support jurisdiction."[13] "[A] request for jurisdictional discovery must be supported by more than a mere 'hunch that it might yield jurisdictionally relevant facts.'"[14]

---

[8] *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Chrysler Credit Corp.*, 928 F.2d at 1516 (internal quotation marks omitted)).

[9] *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (Fed. Cir. 1994).

[10] *See Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 933 n.15 (E.D. Va. 2017) (applying Fourth Circuit jurisdictional discovery standard to request for venue-specific discovery).

[11] *See* Fed. R. Civ. P. 26(b)(2), (d).

[12] *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 103 (10th Cir. 2012) (quoting *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 n.11 (10th Cir. 2010)).

[13] *Thaxton v. GEICO Advantage Ins. Co.*, No. 18-cv-00306, 2022 WL 562264, at *5 (D.N.M. Feb. 24, 2022) (quoting *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1299 (10th Cir. 2004)).

[14] *Id.* (quoting *Breakthrough Mgmt. Grp.*, 629 F.3d at 1190).

**III.    Analysis**

Zoom's § 1404(a) motion is based on the following facts: Marble—a non-practicing limited liability corporation incorporated in Texas—has no connection to the District of Kansas; Zoom's accused products were designed and engineered in California and abroad; Zoom's relevant witnesses and documents regarding the design, development, and production of its accused products are all located in California; and virtually all potential third-party witnesses, e.g., engineers are located in California or China.  Marble asks for venue-specific discovery to substantiate the assertions in the declarations provided in support of Zoom's motion; to inquire whether there are any employees with relevant knowledge in the District of Kansas; and to inquire whether Zoom has disclosed all known facts that may impact transfer.  It indicates that it would seek documents sufficient to show the nature of any business operations carried out by Zoom or any affiliated third parties in Kansas and organization charts or similar Zoom payroll sufficient to identify potential witnesses within the District of Kansas, and that it needs ten interrogatories and ten requests for production to do so.  Zoom opposes Marble's request for venue-specific discovery as an unjustified fishing expedition and lacking a factual basis in support.

"In patent cases, the locus of operative facts usually lies where either the patent-in-suit or the allegedly infringing product was developed and produced."[15]  Zoom asserts that the facts giving rise to Marble's infringement claims are located in California or China, not Kansas; that it has never had a product design and development office in Kansas; and that the now-closed Kansas City office focused on sales, not design, development, and production of the accused

---

[15] *Nat'l Inst. for Strategic Tech. Acquisition & Commercialization v. Nissan N. Am., Inc.*, No. 10-cv-1346-SAC, 2011 WL 915392, at *2 (D. Kan. Mar. 15, 2011) (citations omitted) (quoting *Children's Net., LLC v. PixFusion, LLC*, 722 F. Supp. 2d 404, 413 (S.D.N.Y. 2010)).

4

products.  It further asserts that all of its material witnesses reside in California, identifying seven witnesses with relevant knowledge of the accused products, and that relevant documents relating to research and development of the products is only accessible by individuals in the San Jose office.  Although Marble claims it needs additional discovery to substantiate these facts, it fails to proffer any concrete facts or argument calling into question the facts giving rise to its infringement claims or any of the relevant witnesses or documents identified by Zoom.  Nor does Marble offer any indication of error, fraud, or misconduct in Zoom's declarations in support of its motion to transfer.  And finally, Marble fails to identify or explain how the requested discovery is likely to produce facts that would shed any light on or alter the analysis of the convenience factors identified by the Tenth Circuit.  On this meager showing, the Court declines to order discovery that would effectively allow Marble to undertake a fishing expedition "on the issue of venue [that] would recreate the inconvenience that venue rules are intended to prevent."[16]

Accordingly, the Court denies Marble leave to conduct venue-specific discovery and directs it to file its response to Zoom's motion to transfer within fourteen days of the date of this Order.  Because the Court will not allow venue discovery, the Court denies as moot Zoom's request to stay these proceedings.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Marble VOIP Partners LLC's Motion for Leave to Conduct Limited Venue Discovery (Doc. 50) is **denied**;

---

[16] *Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 934 (E.D. Va, 2017) (citing *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003) (denying request for venue-specific discovery in response to § 1404(a) motion to transfer where plaintiff failed to proffer any threshold showing justifying discovery)); *see also Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (explaining that courts "accord little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum.").

Marble shall file its response to Zoom's motion to transfer within fourteen (14) days of the date of this Order. Zoom's request to stay these proceedings is **denied as moot**.

**IT IS SO ORDERED**

Dated: June 12, 2023

                                                  S/ Julie A. Robinson
                                                  JULIE A. ROBINSON
                                                  UNITED STATES DISTRICT JUDGE